IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WYATT HESSING,  )
            )
    Plaintiff,  )
v.          )  Civil Action No. 3:13CV487–HEH
            )
P. BRUNELLE,  )
            )
    Defendant.  )

### MEMORANDUM OPINION
(Denying Motion to Dismiss)

Wyatt Hessing, a Virginia prisoner, proceeding *pro se*, filed this action. The matter is before the Court on P. Brunelle's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss (ECF No. 45) will be denied.

### I. PERTINENT BACKGROUND

By Memorandum Order entered on May 20, 2015, the Court directed Wyatt Hessing to file a particularized complaint within fifteen (15) days of the date of entry thereof. More than fifteen (15) days elapsed and Hessing failed to file a particularized complaint. Therefore, on June 16, 2015, Defendant Brunelle moved to dismiss because Hessing failed to comply with the May 20, 2015 Order.

On July 9, 2015, Hessing filed a Motion for the Appointment of Counsel and a Motion to Amend his Complaint. In his Motion to Amend, Hessing stated that he was delayed in complying with the Court's order to particularize his complaint because of the lack of availability of a notary at his institution. (ECF No. 42, at 3.) In his Motion to Amend, Hessing also appeared to attempt to comply with the Court's directive to file a

particularized complaint. Hessing, however, largely failed to comply with the specific directions of the Court for submitting a particularized complaint. For example, Hessing failed to number his factual paragraphs, failed to include a prayer for relief, and failed to concisely articulate his theories as to how Defendant Brunelle violated his constitutional rights. Accordingly, by Memorandum Order entered on October 7, 2015, the Court again directed Hessing to file a particularized complaint in accordance with the Court's instructions within fourteen (14) days of the date of entry thereof. (ECF No. 43, at 2.)[1] Additionally, the Court denied without prejudice Defendant Brunelle's Motion to Dismiss. (*Id.*)

On or about October 18, 2015, Hessing executed his new Particularized Complaint ("Particularized Complaint," ECF No. 44). The Particularized Complaint was received in the prison mailroom on October 23, 2015. (*Id.* at 7.) On October 26, 2015, the Court received the Particularized Complaint. On November 3, 2015, Defendant Brunelle filed another Motion to Dismiss. (ECF No. 45.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim,

---

[1] The Court utilizes the pagination assigned to the Particularized Complaint by the CM/ECF docketing system.

2

a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d

3

193, 213 (4th Cir. 2002); *see also Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF ALLEGATIONS AND CLAIMS

Hessing makes the following allegations:

> On February 26, 2013, Prince William County Police appeared at the Inns of Virginia hotel in Woodbridge, VA. Prior to the arrival of any law enforcement, police dispatch contacted the Plaintiff (Wyatt Hessing) and his girlfriend, Katelyn Kilpatrick, by directly calling the room that was rented. Ms. Kilpatrick was questioned by dispatch as to whether they had required the assistance, and she informed the dispatcher that neither called 911 for help, nor required assistance.
> Several minutes later the police arrived at the door. Ms. Kilpatrick slightly opened the door upon hearing that law enforcement was outside. Immediately after the door was opened, and without any evidence of criminal activity, request by the occupants for assistance, or other legally justifiable reason, officers entered the room and conducted a search. Officer [Brunelle] then search[ed] through the plaintiff's phone, messages, and data, and then made the humiliating comments pertaining to my biracial children. "Look at these nigglets." Upon the search, they [found] several pills that belonged to Ms. Kilpatrick. At that time, they placed me under arrest and charged me with possession with intent to manufacture and distribute. I was then placed in Officer Godowokis['s] cruiser. I shortly realized that I had another phone in my possession and I then posted several posts of Facebook. Officer Brunelle ripped the door open, and without any warning or request viciously and maliciously attacked me, punching me in the mouth and nose. I requested for medical attention and pictures of my injuries and Officer Brunelle replied, saying, "Guess what nigger? You just

4

bought yourself another charge." [Officer Brunelle] refused me medical attention.

(Part. Compl. 1–2 (punctuation, spelling, and capitalization corrected).)

Based on the foregoing allegations, Hessing makes the following claims for relief:

| | |
|---|---|
| Claim One | Defendant Brunelle violated Hessing's rights under the Fourth Amendment[2] when he searched Hessing's hotel room and phone. (Part. Compl. 2–3.) |
| Claim Two | Defendant Brunelle used excessive force against Hessing's person when he punched Hessing in the mouth and nose.[3] (*Id.* at 3.) |
| Claim Three | Defendant Brunelle's statements, "'Guess what nigger? You just bought yourself another charge,'" (*id.* at 2), suggest that Hessing "was targeted and discriminated upon because of [his] race and ethnic background." (*Id.* at 3.) |

Hessing demands monetary damages and injunctive relief.

## IV. BRUNELLE'S MOTION TO DISMISS

Brunelle advances three grounds as to why the Particularized Complaint should be dismissed: (1) Hessing failed to obey the Court's order to file a timely particularized

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend IV.

[3] Hessing suggests that Defendant Brunelle's assault violated his rights under the Eighth Amendment. However, because it appears that Hessing was a pretrial detainee at the time the assault occurred, the Due Process Clause of the Fourteenth Amendment governs this claim. *See Robles v. Prince George's Cty, Md.,* 302 F.3d 262, 269 (4th Cir. 2002) (citation omitted).

5

complaint; (2) the Richmond Division is not the proper venue for the present action; and, (3) the Particularized Complaint fails to state a claim for relief.

### A. Failure to Comply with a Court's Order

Brunelle seeks dismissal under Federal Rule of Civil Procedure 41(b) for Hessing's alleged failure to comply with the Court's Order that Hessing particularize his complaint. The United States Court of Appeals for the Fourth Circuit has cautioned that dismissal with prejudice under Rule 41(b) is appropriate only for "clear record of delay or contumacious conduct by the plaintiff." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).[4]

Here, Brunelle argues for dismissal under Rule 41(b) because, *inter alia*, the Particularized Complaint was not received by the Court until a few days after the established deadline and failed to completely comply with the Court's directions for filing a Particularized Complaint. While the Court does not condone Hessing's failure to abide by the exact letter of the Court's instructions, his actions hardly are indicative of a "clear record of delay or contumacious conduct." *Id.* Hessing's Particularized Complaint was filed within a few days of the Court's deadline. The current Particularized Complaint is a significant improvement over Hessing's prior response to the directive to particularize his complaint. In his prior response, Hessing failed to articulate how he

---

[4] The Fourth Circuit requires the trial court to consider the following "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)).

believed Brunelle had violated his rights. The current Particularized Complaint links the facts of the Particularized Complaint with Hessing's theory as to how Brunelle's actions amounted to a violation of Hessing's rights. Accordingly, the Court denies Brunelle's request to dismiss the action pursuant to Rule 41(b).

### B. Improper Venue

Next, Brunelle requests that the Court dismiss the action for improper venue. Brunelle notes that he resides in Prince William County and the events described in the Particularized Complaint occurred in Prince William County. Brunelle contends that the proper venue for the present action is the Alexandria Division and the Court should dismiss the action for improper venue. In the Eastern District of Virginia, all prisoner cases are assigned on a rotating basis to all of the District Judges within the District. The case was assigned to the undersigned in the Richmond Division pursuant to that system. Accordingly, the Court will not dismiss the action for failure to file in the proper venue. Should a trial or evidentiary hearing become necessary, any party may move to have the hearing conducted in the appropriate division.

### C. Failure to State a Claim

Finally, Brunelle asks the Court dismiss the Particularized Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Brunelle contends that the Particularized Complaint "continues to be defective and still does not state a claim upon which relief can be granted." (Mem. Supp. Mot. Dismiss 5.) The foregoing argument is unsupported by any substantive analysis of the allegations of the Particularized Complaint and the

relevant case law except for a single cite to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given these significant shortcomings of Brunelle's briefing and the plausible claims for relief set forth in the Particularized Complaint, the Court declines to dismiss the Particularized Complaint for failure to state a claim. *See* E.D. Va. Loc. Civ. R. 7(F) ("All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies.").

The Motion to Dismiss (ECF No. 45) will be DENIED. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11, 2016
Richmond, Virginia